CARL ULLMAN
The Klamath Tribes
116 Chocktoot St.
PO Box 957
Chiloquin, OR 97624
Tel: (541) 783-3081
Facsimile: (541) 782-2698
Email: bullman@cdsnet.net
Oregon State Bar No. 89156

LEA ANN EASTON
Native American Program
812 SW Washington, Suite 700
Portland, OR 97205
Tel: (503) 223-9483
Facsimile: (503) 294-1429
Email: leaann.easton@lasoregon.org
Oregon State Bar No. 88141

WALTER ECHO-HAWK
Native American Rights Fund
1506 Broadway
Boulder, CO 80302
Tel: (303) 447-8760
Facsimile: (303) 443-7776
Email: wechohawk@narf.org
Colorado State Bar No. 005216

Attorneys for Defendant-Intervenor
Klamath Tribes

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| **STEVEN LEWIS KANDRA**, et al; ) | CV 01-6124 AA |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| **UNITED STATES OF AMERICA**, et al ) | |
| ) | |
| Defendants. ) | |

**KLAMATH TRIBES' MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

## INTRODUCTION

The Klamath Tribes (Tribes) hereby apply pursuant to Rule 24 of the Federal Rules of Civil Procedure to intervene in this lawsuit as a defendant.

The Tribes are entitled to intervene at this time. The motion is timely. The Tribes have a uniquely protectable property interest in the fisheries, water and other water-dependent resources of Upper Klamath Lake. These rights are reserved to the Tribes by the Treaty of 1864, 16 Stat. 707, *United States v. Adair*, 478 F. Supp. 336, (D. Or. 1979), 723 F.2d 1394 (9th Cir. 1983), *cert. denied*, 467 U.S. 1252, 104 S.Ct. 3536, 821 L.Ed.2d 841 (1984). The United States holds these rights in trust for the Tribes. If denied intervention, the Tribes' trust assets, their fisheries, and water rights will be in jeopardy as a result of the extreme and extraordinary injunctive relief sought by plaintiffs.

There is no other party in this action who can speak on behalf of the Tribes or represent their interests adequately. The United States has a trust responsibility to the Tribes, but it is impaired in fulfilling this duty by its conflicting obligations, including its ownership and operation of the Klamath Project of the Bureau of Reclamation. Intervention as a matter of right is a necessity for the Tribes in this action.

## QUESTIONS TO BE DECIDED

1. Whether the Klamath Tribes are entitled to intervene as a matter of right in this case pursuant to FRCP 24 (a).

2. Whether the Klamath Tribes are entitled to permissive intervention in this case pursuant to FRCP 24 (b).

## ARGUMENT

**I.    THE TRIBES ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT PURSUANT TO RULE 24(a)(2).**

   **A.    A Timely Application Is To Be Liberally Construed In Favor Of Intervention**

Rule 24(a) provides:

**(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Ninth Circuit has construed this provision to create a four-part test, where:

   1.   The motion must be timely;

   2.   The applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action;

   3.   The applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and

   4.   The applicant's interest must be inadequately represented by the parties to the action.

*Sierra Club v. U.S. E.P.A.*, 995 F.2d 1478, 1481 (9th Cir. 1993). The entire rule is to be construed broadly, in favor of the applicant. *Id.*; *Scotts Vallter Band of Pomo Indians v. U.S.*, 921 F.2d 924, 926 (9th Cir. 1990).

In this case the Tribes' application fully satisfies the four-fold requirement of Rule 24(a).

### B. The Tribes' Application Is Timely

The Ninth Circuit evaluates three factors in order to determine whether a motion to intervene is timely: (1) the stage of the proceeding at which the applicant seeks to intervene, (2) the prejudice to other parties, and (3) the reason for and length of the delay. *U.S. v. State of Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996).

Delay is measured from the date the proposed intervenor should have been aware that its interests would no longer be protected adequately by the parties, rather than the date it learned of the litigation. *Officers for Justice v. Civil Service Commission of San Francisco*, 934 F.2d 1092, 1095 (9th Cir. 1991). The length of the delay is not determinative, although a substantial lapse of time weighs heavily against the intervenor. *U.S. v. State of Washington*, 86 F.3d at 1503.

The Tribes' application clearly satisfies the timeliness standard. The current action is at the earliest possible stage. Plaintiffs filed their complaint on April 9, 2001 and this motion is filed on April 17, 2001. Plaintiffs have also filed a Motion for a Preliminary Injunction; but it has not been briefed or argued, and no other proceedings have occurred.

None of the parties to the litigation will be prejudiced by the timing of the Tribes' intervention. The Tribes' intervention at this time will not prevent the plaintiffs' ability to take any action at all. Nor will it delay or prejudice the plaintffs' pursuit of their claims. Nor will the federal defendants be prejudiced by the timing of the Tribes' intervention. To the contrary, the federal defendants have consented to the Tribe's intervention in this litigation.

For these reasons it is clear that the Tribe's application to appear is timely.

### C.    The Tribes Have A Significant Protectable Interest In This Action.

In order to establish a protectable interest sufficient to intervene as a matter of right, an applicant-intervenor must establish that the interest asserted is protectable under some law and that there is a relationship between the legally protected interest and the claims in the case. *Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1494 (9th Cir. 1995). Whether an applicant demonstrates a sufficient interest to intervene is, "a practical, threshold inquiry." No specific legal or equitable interest need be established, although the movant must at least demonstrate a "significant protectable interest." *Id.*, 66 F.3d at 1493, *quoting, Green v. United States*, 996 F.2d 973, 976 (9th Cir. 1993), *cert denied*, 492 U.S. 911, 109 S.Ct. 3299, 106 L.Ed.2d 577 (1989).

The Klamath Tribes' motion to intervene clearly satisfies this standard. The Tribes are the holders of significant, protectable property interests that would be directly adversely affected by an order granting the relief prayed for by the plaintiffs in this action.

These legal interests stem from the fact that the Tribes are a federally recognized Indian Tribe with a membership of about 3,000 members.   65 Fed. Reg. 13298 (March

13, 2000) (List of federally recognized Indian tribes recognized by the Secretary of Interior). The Tribes have lived in the Upper Klamath Basin and managed and depended on its resources for their people since time immemorial. The Tribes' treaty with the United States government reserved to the Tribes certain fishing, hunting, and gathering rights along with sufficient water to support those rights. *United States v Adair*, 436 F.Supp. 345, 723 F.2d at 1414. These rights include the sucker fisheries dependent on Upper Klamath Lake. Two species of fish are listed as endangered pursuant to the Endangered Species Act. They are at further risk of extinction of plaintiffs' request for an injunction to remove more water from the Lake. The decimation of this fishery has already worked enormous hardship on the Tribes and extinction, of course, would be a terrible and irreversible loss.

The Tribes have a reserved water right to support this fisheries and other water-dependent treaty resources. The right was confirmed by this court as well as the Ninth Circuit Court of Appeals to be the most senior in the Upper Klamath Basin. *United States v. Adair*, 478 F. Supp. at 345, 723 F.2d at 1414. *See also, Klamath Water Users Protective Ass'n v Patterson,* 204 F3d 1206, 1213-1214 (9th Cir. 1999) *amended by* 203 F.3d. 1175, *cert denied*,___ U.S. ___, 121 S.Ct. 44, 148 L.Ed2d 14 (2000).

The Tribes' treaty rights including its water rights are a property right which the United States has an obligation to protect through its trust responsibility to the Tribes. In general, this trust responsibility requires the United States to protect tribal fishing and water rights which are held in trust for the Tribes. *Mitchell v United States,* 463 U.S. 206, 224-226 (1982). This federal trust obligation applies to every federal agency. *Pyramid Lake Paiute Tribe v Department of the Navy,* 898 F.2d 1410, 1420 (9th Cir.

1990). The United States' ability to satisfy this trust obligation is put at risk by plaintiffs' requested injunction giving plaintiffs water needed by the endangered fish.

The Tribes are the holders of significant, legally protectable, property interests in the water at issue in this case and fish inhabiting Upper Klamath Lake. The relief sought by the plaintiffs in this action directly threatens these rights. The Tribes clearly have vital, protectable property interests at stake in this action.

### D.  The Tribes' Interests May Be Adversely Affected If They are Not Allowed To Intervene

The relief requested by plaintiffs is intended to force the Bureau of Reclamation to release water from the Upper Klamath Lake to satisfy Klamath Project agricultural demands for water regardless of the impacts on the Lake fisheries and other endangered species in the Lower Klamath River. The Tribes' legal rights would be adversely affected if the court were to grant the relief sought by plaintiffs.

It is also possible that the court could make findings of facts and conclusions of law regarding various claims to the fisheries and water resources of the Upper Klamath Lake, about the extent of Reclamation's obligation to the Tribes and the Tribes' reserved rights, and whether the obligation to satisfy the Tribes' rights must be met in this case. Thus, it is possible that the Tribes could be seriously and adversely affected by this action if it is not allowed to intervene.

### E.  The Existing Parties Cannot Adequately Represent the Tribes' interests

In moving to intervene, an applicant need only show that representation of his or her interests by another "may be" inadequate. *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972). "Typically,

persons seeking intervention need only carry a 'minimal' burden of showing their interests are inadequately represented by the existing parties." *Mille Lacs Band of Indians v. State of Minnesota*, 989 F.2d 994, 999 (8th Cir. 1993). Where, as here, it is the Secretary of the Interior who in theory would adequately represent the Tribes' interests, the Court must consider such questions as, "whether the Secretary will undoubtedly make all of the intervenor's arguments, whether the Secretary is capable of and willing to make such arguments, and whether the intervenor offers a necessary element to the proceedings that would be neglected." *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983).

The Tribes' interests will not be adequately represented if they are denied intervention. The United States has numerous interests to protect as defendants in this action, and it is possible that such interest may, at some point of this litigation, conflict with the interests of the Klamath Tribes. The Tribes' interests and concerns are based upon its unique history, culture and society as well as its treaty rights to water, fisheries and other water-dependent resources. Although the Tribes signed a treaty with the United States government, the Tribes remain a sovereign with the ability and obligation to defend its treaty rights especially as those rights relate to water, fisheries and other water-dependent resources. In this case, the United States Department of Justice represents the United States Department of Commerce and United States Department of the Interior as well as the federal government's trust obligation to Indian tribes. The United States has water obligations and interests in the Klamath Basin through the Fish and Wildlife Service, the Bureau of Reclamation, Forest Service, National Park Service and other entities. These interests can and do conflict with those of the Tribes. Given the

multiplicity of interests that the United States must defend in this litigation, it cannot be reasonably be expected to adequately represent the Klamath Tribes under these circumstances. The Tribes themselves is the only entity that can determine what positions to take in light of these special concerns.

Thus, the United States cannot be expected to adequately represent the Klamath Tribes in this matter. Nor can any other party to this action.

For the above reasons the Tribes clearly are entitled to intervene as a matter of right in this action.

## II.   ALTERNATIVELY, THE TRIBES ARE ENTITLED TO INTERVENE PERMISSIVELY IN ACCORDANCE WITH RULE 24(b)(2).

As shown above, the Tribes meet all the requirements for intervention as a matter of right under Rule 24(a)(2). Should the court decide otherwise, however, the Tribes should nonetheless be granted leave to intervene under Rule 24(b)(2). The Rule provides:

> Upon timely application anyone may be permitted to intervene in an action . . .
>
> (2) when an applicant's claim or defense and the main action have a question of law or fact in common . . . . In exercising its discretion the court shall consider whether the intervention will unduly prejudice the adjudication of the rights of the original parties.

The Ninth Circuit has construed this rule as requiring (1) an independent ground for jurisdiction, (2) a timely motion, and (3) a common question of law and fact between the movant's claim or defense and the main action. *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992).

Here these requirements are amply satisfied.

Jurisdiction to litigate the Tribe's defenses to the plaintiff's claims exists under 28 U.S.C. § 1331 and 1362 which confer(s) upon the district court jurisdiction to hear and decide claims by Indian tribes involving the protection of trust assets and reserved rights. *Arizona v. San Carlos Apache Tribe,* 463 U.S. 545, 559-60 & n. 10, 103 S.Ct. 3201, 77 L.Ed.2d 837 (1983) (Congress contemplated that § 1362 would be used particularly in situations where the United States suffered from a conflict of interests; *Moe v. Confederated Tribes of Salish & Kootenai Tribe, etc.,* 425 U.S. 463, 472-73, 96 S.Ct. 1634, 48 L.Ed.2d 92 (1976) (§1362); *Segundo v. City of Rancho Mirage,* 813 F.2d 1387, 1389 (§ 1331).

As discussed above, the Tribes' motion is clearly timely.

Whether there is a question in law or fact in common is to be liberally construed in favor of the applicant. *Stallworth v. Monsanto Co.,* 558 F.2d 257, 265 (5th Cir. 1977); *Bureerong v. Uvawas,* 167 F.R.D. 83, 85 (C.D. Cal. 1996); *Silver v. Babbitt,* 166 F.R.D. 4518 (D. Ariz. 1994), *aff'd,* 68 F.3d 481 (9th Cir. 1995).

As shown above, there are numerous questions of law and fact which the Tribes' defenses have in common with the plaintiff's claims. The central issue of plaintiffs' suit is the allocation of scarce water supplies within the Klamath Basin and the legal rules that govern such allocation. The Klamath Tribes' interest in protecting the water, fisheries and other water-dependent resources of Upper Klamath Lake raises the same issues of fact and law which plaintiffs and the United States must address.

Finally, it bears repeating that the Tribes' intervention will not result in delay or prejudice to the plaintiffs or other parties. Little if any discovery is anticipated, and the Tribes' expertise and point of view will assist the Court and parties in fashioning a result that fully comprehends the complexity of this action. If the Court decides not to allow the Tribe to intervene as a matter of right, then it should grant the application permissively.

## CONCLUSION

The Tribes respectfully submit that they are clearly entitled to intervene as a matter of right under Rule 24(a)(2). Alternatively, the Court should permit the Tribes to intervene for all purposes under Rule 24(b)(2).

Dated April 18, 2001.

Lea Ann Easton
OSB #88141
503-223-9483 ext. 105

Carl Ullman
OSB #89156
541-783-3081

Walter Echo-Hawk
CSB #005216

Of Attorneys for Defendant-Intervenor
Klamath Tribes

Certificate of Service

I hereby certify that a true and correct copies of the foregoing Klamath Tribes' Memorandum in Support of its Motion to Intervene as Defendant was mailed U.S. Postal Service, postage prepaid on April 18, 2001 to:

Douglas M DuPriest
Stephen A. Hutchinson
Hutchinson, Cox, Coons & DuPriest
777 High Street
Suite 200
Eugene, OR 97401

John A Mendez
Somach, Simmons & Dunn
400 Capitol Mall
Suite 1900
Sacramento, CA 95814

Attorneys for Plaintiffs

David W. Harder
US Department of Justice
Environment & Natural Resources Division
Resources Section
Denver, CO 80202-2449

Stephen M Macfarlane
Department of Justice
Environment & Nat. Res. Div. Indian
Suite 9-700
501 I Street
Sacramento, CA 95814-2322

James L. Sutherland
United States Attorney's Office
701 High Street
Eugene, OR 97401

Lyn Jacobs
U. S. Department of Justice
Environment & Natural Resources
Wildlife & Marine Resources Section
P.O. Box 7369, Ben Franklin Station
Washington, D.C. 20044-7369

Attorneys for the United States Defendants

Peter Frost
Western Environmental Law Center
1216 Lincoln Street
Eugene, OR 97401
541-485-2471
Seattle, WA 98104

Jan E. Hasselman
Todd D. True
Earthjustice Legal Defense Fund
705 Second Avenue, Suite 203
Seattle, WA 98104-1711

Attorneys for Intervenor Defendants Water Watch Oregon, et al

Curtis G. Berkey
Alexander & Karshmer
2150 Shattuck Avenue
Suite 725
Berkeley, CA 94704
Attorney for Intervenor Yurok Tribe

Page 1 of 2  Certificate of Service

Reginald R. Davis
Klamath County Counsel
305 Main Street
2nd Floor
Klamath Falls, OR 97601
Attorney for Intervenor Klamath County

Lea Ann Easton